UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

ANDERSON CARTER,

                Plaintiff,

        -against-

RENNESSANICE [sic] MEN'S SHELTER;
RICH MILLER; DEBORAH ROBERSON;
BELLEVUE MEN'S SHELTER; MS. REID;
CITY OF NEW YORK; DEPARTMENT OF
HOMELESS SERVICES; SCO; FJC
SECURITY SERVICE,

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

12 Civ. 5999 (BMC)(VMS)

**COGAN**, District Judge.

    Plaintiff brings this *pro se* action against two homeless shelters, an associated service provider and security company, and several individual employees alleging violations of the Due Process and Equal Protection clauses of the Fourteenth Amendment and the Americans with Disabilities Act of 1990 ("ADA"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court dismisses the complaint for failure to state a claim upon which relief may be granted. Plaintiff is granted twenty days leave to amend his complaint as detailed below.

## BACKGROUND

    Plaintiff states that he was housed at the Renaissance Shelter located in Brooklyn, New York and the Department of Homeless Services' Bellevue Men's Shelter ("Bellevue") in Manhattan. He alleges that while at Bellevue he did not have access to full meals because "food was being misappropriated" by kitchen staff. Plaintiff also alleges that he was denied access to his mail. Moreover, plaintiff claims to suffer from schizoaffective disorder, and states that the delay

in receiving his mail caused him to suffer a breakdown. Plaintiff further alleges that Renaissance provided insufficient food, and that the staff failed to take any action to prevent others from entering his room, stealing his property, or sleeping in his bed. Plaintiff seeks monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

2

## DISCUSSION

In order to maintain a § 1983 action, a plaintiff must allege that the conduct complained of was "committed by a person acting under color of state law," and that it "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). "Section 1983 itself creates no substantive rights, [but] provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816, 105 S. Ct. 2427 (1985)).

### I. Section 1983 claims against Private Defendants

The Supreme Court has held that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999) (internal quotation marks omitted); cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 419 U.S. 345, 351 (1974)).

The under-color-of-state-law requirement can be applied to private individuals in certain limited circumstances, such as where the private individual is engaged in a "public function" or performs conduct that is "fairly attributable to the state." American Mfrs. Mut. Ins. Co., 526 U.S. at 51, 119 S. Ct. at 986. However, the public function exception is narrow. The Supreme Court has made clear that "the relevant question is not simply whether a private group is serving a 'public function.' ... [T]he question is whether the function performed has been 'traditionally the

3

*exclusive* prerogative of the State.'" Rendell–Baker v. Kohn, 457 U.S. 830, 842, 102 S. Ct. 2764, 2772 (1982) (quoting Jackson, 419 U.S. at 353, 95 S. Ct. 499 at 455 (1974)). A private entity does not become a state actor merely by performing under a state contract. Rendell–Baker, 457 U.S. at 841. Moreover, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for the purposes of the Fourteenth Amendment." Jackson, 419 U.S. at 350, 102 S. Ct. at 2771. "Rather, 'there must be such a close nexus between the [state] and the challenged action' that the state is '*responsible*' for the specific conduct of which the plaintiff complains." Cranley v. Nat'l life Ins. Co. of Vt., 318 F.3d 105, 112 (2d Cir. 2003).

Renaissance is a private organization operated by SCO Family Services,[1] and accordingly, its staff members are not "state actors." Likewise, FJC Security Services ("FJC"), a company that provides security at Renaissance, is a private organization,[2] and Rich Miller, an employee of FJC, is a private individual. Although courts have held that security officers performing certain functions may cross the line from private action to state action, in those cases, the State has delegated plenary power to private police officers. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 629 (7th Cir. 1999) ("[I]f the state cloaks private parties with virtually the same power as public police officers, and the private actors allegedly abuse that power to violate a plaintiff's civil rights, that plaintiff's ability to claim relief under § 1983 should be unaffected."). Plaintiff has not provided any facts which suggest that either Renaissance, SCO, or FJC perform a public function sufficient to turn the organizations or their employees into state actors for purposes of § 1983 liability. Therefore, plaintiff's §1983 claims against these entities and their employees

---

[1] See http://sco.org/our-core-services/homeless-services (Last visited January 23, 2012).

[2] "FJC is the largest privately owned and locally operated security services provider in the Tri-State area." See http://www.fjcsecurity.com (Last visited January 23, 2012).

are dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

## II. Section 1983 claims against City Defendants

Plaintiff names as defendants the City of New York and the New York City Department of Homeless Services. First, city agencies are not generally suable entities. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. See Jenkins v. New York City Dep't of Homeless Servs., 643 F.Supp.2d 507, 510 (S.D.N.Y. 2009) (DHS is not a suable entity).

Furthermore, in order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury, a direct causal connection between that policy or custom, and the deprivation of a constitutional right. Monell v. Dep't of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978); Amnesty America v. Town of West Hartford. 361 F.3d 113, 124-25 (2d Cir. 2004). "In the absence of an established written municipal policy, a plaintiff must prove that a municipal practice was so persistent or widespread as to constitute a custom or usage with the force of law, or that a practice or custom of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." Prescott v. Riker Island Med. Staf., No. 09 Civ. 255(SAS), 2011 WL 1435218 (S.D.N.Y. April 12, 2011). Here, plaintiff's complaint cannot reasonably be interpreted as alleging facts sufficient to demonstrate that any alleged injury was caused by any policy or custom of the municipal defendant, the City of New York. Plaintiff fails to allege the existence of a written policy.

5

Furthermore, his claim that food was "misappropriated" by kitchen staff members, and that a single employee "refus[ed] to check" to see who signed for a federal express envelope, do not suggest a policy or custom as required by Monell. Accordingly, plaintiff's § 1983 claims must be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

### III.   Americans With Disabilities Act

In order to establish a violation under the ADA, the plaintiff must demonstrate that: (1) he is a "qualified individual" with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities. See Henrietta D. v. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003).

Although plaintiff asserts that he suffers from a mental impairment, he fails to allege facts to establish that he was denied the opportunity to participate in or benefit from defendants' services, or was discriminated against by defendants, because of his disabilities. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"). Plaintiff's claim that due to his disability, he "could not cope with" the "stress" of not receiving his mail on time is insufficient. Plaintiff's ADA claims fail as a result.

### LEAVE TO AMEND

In light of plaintiff's *pro se* status, this Court will grant plaintiff 20 days from the date of this Order to revise his complaint to correct the deficiencies noted above. The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim of discrimination and/or civil rights violations. Moreover, should plaintiff elect to file an amended

complaint, he must name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. In addition, he must set forth the factual allegations to support his claim against each named defendant, the dates and locations of all relevant events, and the relief he is seeking.

The amended complaint must be captioned "Amended Complaint" and bear the docket number 12 CV 5999 (BMC). No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within 20 days, the instant action shall be dismissed without prejudice and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct 917, 920-21 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
January 24, 2013

U.S.D.J.

7